In the Matter of the Appraisal of
**ENSTAR CORPORATION.**

Court of Chancery of Delaware,
New Castle County.

Submitted March 31, 1986.
Decided April 29, 1986.

Edmund N. Carpenter, II, and Samuel A. Nolen, Richards, Layton & Finger, Wilmington, for Enstar Corp.

James F. Burnett, Potter, Anderson & Corroon, Wilmington, for United Virginia Bank.

Grover C. Brown and Lewis H. Lazarus, Morris, James, Hitchens & Williams, Wilmington, for the Belzbergs.

HARTNETT, Vice Chancellor.

This action was commenced by dissenting stockholders of Enstar Corporation ("ENSTAR") in order to obtain a statutory appraisal of the value of their shares in response to a cash out merger. ENSTAR now seeks by motions to file Amended Stockholder Information Forms to assert additional objections to the demands for an appraisal submitted on behalf of First City Financial Corp. Ltd., First City Trust Company, Marc Belzberg and A. Forbstein (collectively "Belzbergs"), and the United Virginia Bank. The motion to amend must be granted as to the Belzbergs' claim because ENSTAR asserts it did not know the Belzbergs had submitted their shares in acceptance of the merger price at the time the Stockholder Information Forms were prepared. The motion to amend must be denied as to the United Virginia Bank claim because ENSTAR has not shown sufficient cause to justify the amendment.

Some of the background facts are set forth in my opinions in *Thompson v. Enstar Corporation*, Del.Ch., 509 A.2d 578 (1984), and in *Huffington v. Enstar*, Del. Ch., C.A. Nos. 7802-N.C., 7857-N.C. and 7864-N.C., Hartnett, V.C. (March 8, 1985),

which related to the procedures to be followed in this action.

## I

After a merger of Unimar Subsidiary, Inc. into ENSTAR on September 25, 1984, a number of stockholders of ENSTAR who were dissatisfied with the merger price sought a statutory appraisal of their shares pursuant to 8 *Del.C.* § 262.

Prior to 1943 the value of the shares of a dissenting stockholder who was entitled to an appraisal was determined by arbitration. In 1943 much of the present statutory procedural mechanisms for an appraisal were adopted. 44 *Del.L.* Ch. 125. Although 8 *Del.C.* § 262 has been amended many times since 1943 (especially by 60 *Del.L.*, Ch. 371, in 1976 and by 63 *Del.L.*, Ch. 25, in 1981), the procedural prerequisites for an appraisal remain technical and burdensome. The procedures for a civil action brought in this Court are as set forth in the Chancery Rules, originally adopted in 1947, which closely follow the Federal Rules of Civil Procedure. Chancery Rule 81(a) states:

"Conformity. The procedure in special matters shall conform to these Rules so far as practicable and to the extent that this will not contravene any applicable statute; otherwise, the procedure in such matters shall remain as heretofore."

In an effort to make this appraisal proceeding conform to the intent of the Chancery Rules and to reduce the demands on the litigants and the Court, I directed that after the petition for an appraisal (complaint) and the answer had been filed, an Order Establishing Procedures would be entered and a Stockholder Information Form would be sent by ENSTAR to all the stockholders who had indicated they desired an appraisal of their shares. *Huffington v. Enstar,* supra. The purpose of the Stockholder Information Form was to attempt to eliminate the necessity for further court hearings as to a stockholder's entitlement to an appraisal if ENSTAR conceded that the stockholder held his claimed shares, had complied with the procedural prerequisites, and was entitled to an appraisal of his shares.

## II

The Stockholder Information Form as approved by the Court, and sent by ENSTAR to each dissenting stockholder who had sought an appraisal, stated:

ONE COPY OF THIS INFORMATION FORM SHOULD BE FILED WITH OR MAILED TO THE REGISTER IN CHANCERY, PUBLIC BUILDING, 11TH AND KING STREETS, WILMINGTON, DELAWARE 19801, AND ONE COPY SHOULD BE MAILED TO RICHARDS, LAYTON & FINGER, ONE RODNEY SQUARE, WILMINGTON, DELAWARE 19899, COUNSEL FOR RESPONDENT NOT LATER THAN JULY 24, 1985. PLEASE USE THE ENCLOSED ENVELOPES FOR FILING OR MAILING IN YOUR INFORMATION FORMS. ABSENT A SHOWING OF CAUSE BY THE STOCKHOLDER, FAILURE TO COMPLETE AND FILE OR MAIL YOUR INFORMATION FORM IN A TIMELY MANNER WILL CAUSE THE COURT TO FORECLOSE YOU FROM ASSERTING A CLAIM IN THIS PROCEEDING OR BIND YOU TO THE INFORMATION SET FORTH HEREIN BY RESPONDENT WITH RESPECT TO YOUR SHARE OWNERSHIP.

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| In the Matter of the Appraisal of ENSTAR Corporation. | CONSOLIDATED Civil Action Nos. 7802, 7857, 7864, 7796, 7846, 7918 & 7925 |

1. Name and Ownership of Shares:

Please confirm or correct the following information obtained from the records of ENSTAR Corporation ("ENSTAR") concerning record ownership of shares of common and/or preferred stock of ENSTAR on September 25, 1984, the effective date of the merger of Unimar Subsidiary Inc. ("Unimar Sub") into ENSTAR.

Name _____

Address _____

Number of Shares Held of Record on September 25, 1984

Common: _____

Convertible Preferred Stock Series A: _____

Number of Shares as to Which Demand for Appraisal Made

Common: _____

Convertible Preferred Stock Series A: _____

_____ The above information is correct.

_____ I wish to correct the above information as follows:

_____

_____

2. Objections to Demand for Appraisal:

/___/ ENSTAR does not object to your demand for appraisal.

/___/ ENSTAR contends that your demand for appraisal is defective for the following reason(s):

/___/ (a) Your demand for appraisal was not filed with ENSTAR prior to the taking of the vote on the merger of ENSTAR and Unimar Subsidiary on September 25, 1984.

/___/ (b) You voted the shares for which you have demanded appraisal in favor of the merger.

/___/ (c) You have accepted the merger consideration in exchange for your shares and thereby waived your right to appraisal.

/___/ (d) You have withdrawn your demand for appraisal and received payment for your shares at the amount of consideration paid in the merger. A copy of your withdrawal, if any was received by ENSTAR, is attached.

/___/ (e) You are not a stockholder of record of ENSTAR and your demand for appraisal was not made by or on behalf of a stockholder of record.

/___/ (f) Other: _____

You should respond to the above objection(s) prior to July 24, 1985, by attaching to this Information Form a written statement and/or documents refuting the objection(s). In addition, if you so complete and file this form, you may appear in person or by counsel at a hearing, of which you will receive notice, concerning your entitlement to appraisal. You may wish to consult with your attorney in determining what response, if any, you should make to any objection made by ENSTAR.

ABSENT A SHOWING OF CAUSE BY YOU, FAILURE TO PROPERLY RESPOND BY JULY 24, 1985, TO ANY OBJECTION OF ENSTAR WILL FORECLOSE YOU FROM ASSERTING A CLAIM IN THIS PROCEEDING OR WILL BAR YOU FROM CONTESTING AND SHALL BIND YOU TO THE INFORMATION SET FORTH HEREIN BY ENSTAR WITH RESPECT TO YOUR SHARE OWNERSHIP.

I certify that the above information is correct.

_____

Signature

If you are signing in some representative capacity (*e.g.*, executor or administrator of an estate, guardian, trustee, attorney, officer of a corporation), please indicate the capacity in which you are signing.

STATE OF

COUNTY OF

} SS.

SWORN TO AND SUBSCRIBED TO before me, _____
_____, a Notary Public, in and for the State of _____, this ____
day of _____, 1985.

_____
Notary Public

My commission expires:

_____

_____

## THE BELZBERG CLAIMS

### III

ENSTAR has moved to amend the Stockholder Information Form filed by it to assert an objection to the Belzbergs' right to an appraisal not set forth when the Form was prepared. This amendment seeks to raise the defense that the shares owned by the Belzbergs were submitted in acceptance of the merger and a waiver of a right to an appraisal thereby occurred. The motion to amend arises because the Belzbergs' shares were held for them by First City Financial Corp. Ltd. and First City Trust Company which in turn had the shares held for them by CEDE & Co. The name "CEDE & Co." is used by Depository Trust Company to hold securities for its owners who are brokers, banks and fiduciaries. CEDE & Co. does not hold any shares for itself but only holds them as nominee of its owners.

CEDE & Co. was listed on the books of ENSTAR as holding a large number of shares, many more than those beneficially owned by the Belzbergs, and there was no breakdown of the actual beneficial ownership of the CEDE holdings on the books of ENSTAR. Some of the beneficial owners of the stock listed in CEDE's name desired to accept the merger price and some desired to seek an appraisal. CEDE therefore demanded an appraisal for some shares and tendered other shares in acceptance of the tender consideration.

When the Stockholder Information Form was sent to CEDE by ENSTAR on June 7, 1985, it apparently listed those shares held by CEDE for which a demand for appraisal had been submitted and ENSTAR did not indicate any objection to those shares being entitled to an appraisal. It now appears, however, that CEDE had previously submitted the Belzbergs' shares to ENSTAR in response to the merger (allegedly in error). The merger consideration for the shares was thereafter sent by ENSTAR to CEDE along with the exchange consideration for a number of other shares which CEDE held which the beneficial owners desired be submitted for exchange in acceptance of the merger. ENSTAR alleges, and it has not yet been refuted, that ENSTAR did not learn of the submission of the Belzberg shares by CEDE until long after the Stockholder Information Form had been prepared and sent out by ENSTAR. Sometime after the Stockholder Information Form was sent out by ENSTAR the Belzbergs and ENSTAR reached an accord and ENSTAR agreed to pay the Belzbergs a sum considerably in excess of the value of the merger consideration. It is alleged by ENSTAR that at the time this compromise was reached it did not know that the Belzberg shares had been submitted by CEDE to ENSTAR in response to the merger. ENSTAR now seeks leave to amend the Stockholder Information Form which it sent to CEDE in order to raise the objection that the Belzberg shares were submitted in response to the merger and

therefore a waiver of any right to an appraisal for them has occurred.

## IV

It is clear that the Stockholder Information Form which ENSTAR seeks leave to amend is not a pleading. Chancery Rule 7(a). It therefore does not fall within the provision of Chancery Rule 15 which provides for amendments to pleadings to be freely given.

A Stockholder Information Form is, however, analogous to a Chancery Rule 12 defense and to a lesser extent to an admission pursuant to Chancery Rule 36. The Stockholder Information Form was designed to foreclose preliminary objections that the procedural prerequisites of the appraisal statute had not been complied with or that the entity seeking an appraisal was not the owner of the shares. This is consistent with the requirement that a Chancery Rule 12 defense which is not promptly asserted is waived because those defenses are considered to be preliminary defenses and are not related to the merits of a controversy. Chancery Rule 12(h). An omitted Rule 12 defense, however, may be asserted by amendment if the defense was not available at the time the defense should have been asserted. Thus if a party learns of the existence of a defense at a later date he may normally raise it by a motion to amend. WRIGHT & MILLER, *Federal Practice and Procedure*, Civil: § 1391.

Likewise an admission made in response to a Chancery Rule 36 request may be withdrawn or amended for cause. Chancery Rule 36(b); WRIGHT & MILLER, supra, § 2264.

A right to amend, but only for cause, is consistent with the language set forth in the Stockholder Information Form at both the beginning and the end that states that a stockholder who fails to properly respond to the Form will be foreclosed from an appraisal, absent a showing of cause. That provision, in fairness, should apply to ENSTAR as well as to the stockholders.

I therefore find that ENSTAR may amend the Stockholder Information Form only if it shows sufficient cause. Its allegation that the amendment is based on facts which it did not know and could not have learned with reasonable diligence at the time the Stockholder Information Form was sent on June 7, 1985, is sufficient to permit an amendment of the Stockholder Information Form.

ENSTAR is therefore given leave to amend the Stockholder Information Form for the purpose of asserting the claim that the Belzbergs are precluded from participating in this appraisal action because their ENSTAR shares were submitted in waiver of their appraisal rights and they received the exchange consideration. Still to be determined, of course, is the merits of ENSTAR's claim.

## V

As previously noted, ENSTAR and the Belzbergs agreed to a settlement of the Belzbergs' claim sometime before January 17, 1986, allegedly before ENSTAR learned that the Belzbergs' shares had been surrendered to ENSTAR by CEDE & Co. The Belzbergs assert that this settlement is binding as a valid compromise. ENSTAR disputes that it is binding for a number of reasons including mistake and misrepresentation.

This claim of the Belzbergs, however, is really a new cause of action. No pleading has yet been filed asserting this claim and therefore it is premature to consider it at this time. In any event the facts concerning it are disputed and it could not be ruled upon on the present record.

I will, however, grant the Belzbergs leave to file a pleading raising the issue of compromise or accord and satisfaction.

## THE UNITED VIRGINIA BANK CLAIM

## VI

As of the time of the merger of Unimar Subsidiary, Inc., into ENSTAR Cor-

poration, United Virginia Bank, as trustee for William W. and Helen Sproul, held 42,018 shares of ENSTAR. The shares were listed on the books of ENSTAR as being held by CEDE & Co., which was holding them for United Virginia Bank.

Prior to the merger CEDE & Co. made a timely demand for an appraisal of the shares. Sometime thereafter CEDE & Co., apparently in error, submitted the shares for the merger consideration. On November 28, 1984, after learning of the submission, United Virginia Bank wrote to ENSTAR's exchange agent and to ENSTAR advising of the inadvertent submission and returning the cash merger consideration which it had received and offering to return the remainder of the merger consideration. On December 5, 1984, the check for the cash was returned to United Virginia Bank.

On June 7, 1985, in compliance with an order of this Court, ENSTAR filed the Stockholder Information Forms with respect to the shares in issue in this motion. This Stockholder Information Form stated that ENSTAR did not object to the demand for an appraisal of the shares in question.

On July 19, 1985, ENSTAR filed a motion for leave to amend the Stockholder Information Form to assert the following objection: "You have accepted the merger consideration in exchange for your shares and thereby waived your rights to appraisal."

On March 14, 1986, this court approved a settlement of the appraisal action whereby those shareholders who were entitled to an appraisal received a consideration approximately double the consideration provided in the merger. If ENSTAR is not permitted to amend the Stockholder Information Form, then the United Virginia Bank shares will receive the consideration agreed to be paid in the settlement.

As set forth previously, the Stockholder Information Form can only be amended for cause. ENSTAR has not borne its burden of showing that there is good cause for the amendment to be allowed. It did not object to United Virginia Bank's claim when it filed the Stockholder Information Form on June 7, 1985, although it had been advised on November 28, 1984, that there had been a mistaken submission. Its only explanation for this oversight is that the attorney who prepared the Form did not know of the submission by CEDE. This is an insufficient showing for an amendment to be permitted.

### VII

In conclusion, the motion of ENSTAR to amend the Stockholder Information Form as to the Belzbergs' claim for an appraisal is granted.

The Belzbergs are given leave to file a pleading asserting compromise, or accord and satisfaction.

The motion of ENSTAR to amend the Stockholder Information Form as to the United Virginia Bank claim for an appraisal is denied.

IT IS SO ORDERED.