[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION TO SUPPRESS
For the following reasons, the defendant's motion to suppress is denied. CT Page 9811
On November 4, 1992, upon applications coupled with supporting affidavits, Judge Clifford granted, for a fourteen day period, four applications for search and seizure warrants. By these four warrants, the investigatory authority sought the items described below; the purpose of the search was to discover evidence of crimes involving motor vehicles that had been reported stolen by the defendant in violation of General Statutes § 53a-157:
 Records of motor vehicle sales and purchases, records of motor vehicle leasing agreements, records of motor vehicle repairs, certificates of title for motor vehicle parts, business correspondence concerning motor vehicles, records of residence, lists of motor vehicle identification numbers (V.I.N.), V.I.N. plates, telephone toll records, cancelled checks related to Essex Auto Leasing and motor vehicles license plates[.]
These items were to be seized from any of three locations related to the defendant's business, Essex Auto Leasing, as well as from the defendant's residence.
Upon executing the warrants, the investigatory authority was confronted with voluminous documents and files. In all, twenty-seven boxes, containing documents, paperwork, and license plates, were seized from two locations. Upon examination of the contents of the seized boxes, the following items were removed and retained as evidence:
 1) one file folder labeled "Bulgini, Carl, Jr.," containing leasing agreement documents
 2) one file folder labeled "Bailey, Robert #107-B 1989 MB 560SEC, dated 10-31-89," containing leasing agreement documents
 3) one handwritten note concerning motor vehicles located at International Auto Performance and containing the name and telephone number of an attorney
 4) one file folder labeled "Von Staats Stolen M.V. Reports" containing documents concerning CT Page 9812 seven motor vehicles and a Mercedes Benz Top
The defendant has moved to suppress all of this evidence as being the product of a "general search" and being beyond the scope of the warrant.
In deciding motions to suppress, where "`a magistrate has determined that the warrant affidavit presents sufficient objective indicia of reliability to justify a search and has issued a warrant, a court reviewing that warrant at a subsequent suppression hearing should defer to the reasonable inferences drawn by the magistrate.'" (Emphasis added.) State v. Diaz, 226 Conn. 514,525, 627 A.2d 567 (1993), quoting State v. Rodriguez, 223 Conn. 127,135, 613 A.2d 211 (1992). This is called the "substantial basis" test. State v. Diaz, supra, 226 Conn. 527. Thus, in deciding this motion, this court will defer to the reasonable inferences of the judge that issued the warrants.
The fourth amendment to the United States constitution requires that items to be seized be "particularly describ[ed]," thus prohibiting "general and exploratory searches." State v.Hamilton, 214 Conn. 692, 697, 573 A.2d 1197 (1990). "A high degree of scrutiny is required when reviewing the particularity requirement of search warrants for documents." State v. Sweeney,30 Conn. App. 550, 554, 621 A.2d 304 (1993). "There are three purposes behind the particularity clause: (1) to prevent general searches; (2) to prevent the seizure of objects in the mistaken belief that they are within the scope of the issuing magistrate's authorization; and (3) to prevent the issuance of warrants on vague and doubtful factual bases." State v. Santiago, 8 Conn. App. 290,304, 513 A.2d 210 (1986); see State v. Ruscoe, 212 Conn. 223, 234,563 A.2d 267 (1989); State v. Gagnon, 18 Conn. App. 694,561 A.2d 129 (1989).
Search and seizure warrants must describe the items to be seized with "reasonable specificity, but need not be elaborately detailed. . . . Nor must the warrant enable authorities to minutely identify every item for which they are searching. . . . Thus, a description is valid if it is as specific as the circumstances and the nature of the activity under investigation permit." (Citations omitted; internal quotation marks omitted.) State v. Ruscoe, supra,212 Conn. 234; see State v. Vincent, 30 Conn. App. 249, 257,620 A.2d 152 (1993).
In the present case, the files were not indexed or labeled by CT Page 9813 motor vehicle name, i.e., Mercedes Benz, but instead by the names of individuals, i.e., Carl Bulgini Jr. Only upon an examination of each file could documentation on particular motor vehicles be disclosed. Therefore, because of the amount of material and files as well as the manner in which those files were labeled, the search could only be reasonably effectuated after a seizure of the records. There was no other practical way to approach the problem. In addition, the affidavits submitted by the investigatory authority in support of the search and seizure warrant applications state, inter alia: the V.I.N. number and make of the Mercedes Benz that the defendant had previously reported stolen; that police records indicated that the defendant had reported many stolen vehicles; and that, generally, persons in the automobile business have voluminous records that are stored and not quickly disposed of.
In the present case, the warrants did not authorize the search for anything other than records, certificates of titles, lists of V.I.N. numbers, and license plates related to Essex Auto Leasing which might relate to the possible violation by the defendant of General Statutes § 53a-127; as to what was taken, nothing was left to the discretion of the officers. See Andersen v. Maryland,427 U.S. 463, 481-82, 96 S.Ct. 2737, 49 L.Ed.2d (1976); State v.Vincent, supra, 30 Conn. App. 258.
The documentation and records seized and retained to be used as evidence all qualify under the description of the property authorized for search and seizure by virtue of the warrant except for the handwritten note.
The plain view doctrine "`is based upon the premise that the police need not ignore incriminating evidence in plain view while they are operating within the parameters of a valid search warrant . . .'" State v. Hamilton, supra, 214 Conn. 698, quoting State v.Ruth, 181 Conn. 187, 193, 435 A.2d 3 (1980). "A plain view seizure is reasonable under the fourth amendment if the police: (1) were lawfully on the premises and engaged in a lawful activity; (2) discovered the evidence inadvertently; and (3) have probable cause to believe there is a reasonable relationship between the evidence seized and the criminal behavior under investigation." (Citations omitted.) State v. Hamilton, supra.
The evidence supports a finding for the purposes of this hearing that the handwritten note was in plain view of the searching authority and was inadvertently discovered. It contained CT Page 9814 information about vehicles located at International Auto Performance, a repair shop. The investigating officers at that time were aware of the fact that a Mercedes Benz that the defendant had reported stolen had been located, under a mechanic's lien, at International Auto Performance. It may qualify as a record of vehicles in repair. It was in plain view, it was material and relevant evidence and contained references to certain motor vehicles located at International Auto Performance.
In addition, at the suppression hearing, evidence was elicited that the investigating officers, in examining the "Bulgini, Carl, Jr." file, discovered a copy of a check from an insurance company. This discovery led to further inquiry by the investigating officers to this insurance company as to the reason for the check's issuance. This court determined, inferentially from the evidence offered, that the discovery of this check led to more information upon which other charges were brought against the defendant.
The defendant claims that, because the motor vehicle dealt with in the "Bulgini" file was not specifically referred to in the search application affidavit, nor was its existence known of by the investigators until the search, that such evidence and fruits therefrom should be suppressed. This court does not concur.
The search had to do with evidence being sought regarding the defendant's alleged collection of monies from insurance companies or automobiles he falsely claimed to have been stolen. "Where, once an otherwise lawful search is in progress, the police inadvertently come upon a piece of evidence, it would often be needless inconvenience. . . to require them to ignore it until they have obtained a warrant particularly describing it." Coolidgev. New Hampshire, 403 U.S. 467-68, 91 S.Ct. 2022, 29 L.Ed.2d 564
(1971). In the present case, the "Bulgini" file was one containing information authorized to be searched and the investigating officers, in the midst of a lawful search, inadvertently came across apiece of evidence; they should not have been required to overlook this evidence until they could return with a warrant particularly describing it.
The defendant's motion to suppress is denied.
WALSH, JOHN, J. CT Page 9815